Quentin Thomas HENRY, et al., Plaintiffs/Applicants

v.

GREATER OUACHITA WATER COMPANY, Defendant/Respondent

No. 50,750-CW

Court of Appeal of Louisiana, Second Circuit.

October 12, 2016

ANTHONY J. BRUSCATO, CATHERINE LEARY, Counsel for Plaintiffs/Applicants

BREITHAUPT, DUNN, DUBOS, SHAFTO, & WOLLESON, By: Michael L. Dubos, GIEGER, LABORDE & LAPEROUSE, By: Ernest Paul Gieger, Jr., John E. W. Baay, II, John M. Digiglia, Counsel for Defendant/Respondent

Before BROWN, WILLIAMS, and STONE, JJ.

BROWN, CHIEF JUDGE.

Plaintiffs, Quentin Thomas Henry, et al., filed a writ with this Court complaining of a judgment rendered on October 15, 2015, by the district court granting defendant's exception of lack of subject matter jurisdiction as to all of plaintiffs' claims against the defendant water service provider, and staying the pending proceedings until plaintiffs' administrative remedies regarding their water service were exhausted with the Louisiana Public Service Commission ("LPSC"). This Court granted the writ and converted it to the instant appeal.[1]

For the reasons set forth below, we reverse the ruling of the lower court granting the defendants' exception of lack of subject matter jurisdiction and staying the proceedings. Plaintiffs may proceed with their claims in the district court.

## Facts and Procedural History

Plaintiffs are contract customers of defendant or household members of the homes defendant contracted with to provide service. Defendant, Greater Ouachita Waterworks, Inc. ("Greater Ouachita"), provides water service to plaintiffs at their homes and/or places of employment. On August 4, 2015, plaintiffs filed a petition for damages and an injunction related to the water supplied by Greater Ouachita, complaining that the water provided by defendant was brown in color, foul-smelling, and unfit for use or consumption. Plaintiffs' claims included breach of contract, negligence, breach of warranty, trespass, nuisance, violation of duties imposed under the Louisiana Products Liability Act, redhibition, and violations of state environmental and other applicable laws.

Plaintiffs sought general damages for: (1) costs sustained in purchasing water filtration devices and alternative water sources; (2) costs incurred repairing and replacing water piping systems, water tanks, and clothes damaged by the unfit water; (3) the diminution in value to plaintiffs' properties; and (4) a refund of all payments plaintiffs made to Southwest under their contracts for water service. Plaintiffs additionally sought non-pecuniary damages for mental anguish, distress, and inconvenience they experienced when: (1) they were unable to use the water; (2) their clothes were ruined and required replacement; (3) their pipes and appliances were damaged and required repair or replacement; and (4) they had to find other water sources for drinking and daily use. Plaintiffs also sought a permanent injunction requiring Greater Ouachita "to adopt adequate methods in supplying safe drinking water and/or find sources of water that prevent and/or reduce the likelihood of contamination." Plaintiffs' petition also alleged that part of their purpose in filing the suit was "to force a change by Greater Oauchita or for another water company [to deliver] safe drinking water as mandated by law."

On September 11, 2015, Greater Ouachita filed a declinatory exception, and motion to stay, claiming that the Fourth Judicial District Court did not have subject matter jurisdiction over the case, but rather, that exclusive jurisdiction over plaintiffs' claims rested with the LPSC, which has jurisdiction over claims related to water service as granted by Louisiana constitutional and statutory law. Defendant argued that because the LPSC had exclusive jurisdiction over most, if not all of, the issues in the case, the court should dismiss and/or stay the proceedings under the doctrine of pri-

---

1. This case was consolidated for appeal purposes with the factually similar *Frith v. South-* *west Ouachita Waterworks, Inc.*, 50,749.

mary jurisdiction until the LPSC determined those matters.

On October 15, 2015, the district court rendered a decision in *Frith, et al v. Southwest Ouachita Waterworks, Inc.*, 50,-749, (the companion case to this appeal) which involved claims identical to those asserted by plaintiffs in the instant case. The court in *Frith* denied the exception as to the plaintiffs' tort and breach of contract claims, but granted the exception as to the remaining claims under the jurisdiction of the LPSC. The Frith court found it had concurrent jurisdiction with the LPSC over the plaintiffs' non-tort and non-contract claims, and that the plaintiffs were first required to exhaust their administrative remedies with the LPSC before seeking district court review of those matters. The *Frith* court, under the doctrine of primary jurisdiction, stayed the case until the plaintiffs exhausted their administrative remedies for the claims that fell within the jurisdiction of the LPSC.

On October 28, 2015, with leave of the court, plaintiffs in the instant appeal filed an amended petition for damages asserting claims for breach of contract, negligence, trespass, nuisance, and violation of duties imposed by the Louisiana Products Liability Act. Plaintiffs limited their requested relief to monetary amounts for: (1) the cost of purchasing bottled water to substitute for contaminated water; (2) the cost of purchasing water filtration systems; (3) physical injury from consumption of contaminated water; (4) damage to personal belongings resulting from use of the contaminated water; (5) physical damage to plaintiffs' homes from use of contaminated water, including any damage to water pipes, hot water heaters, tubs, toilets, yards, and gardens; (6) diminution in property value due to the contaminated water; (7) mental anguish, anxiety, and distress over whether plaintiffs suffered physical harm from contact with or consumption of the contaminated water, whether plaintiffs should relocate to another area, and/or the costs associated with dealing with the problems associated with the contaminated water; (8) inconvenience and loss suffered from plaintiffs being unable to fully enjoy their property and additional time and costs associated with importing bottled water; and (9) other damages resulting from defendant's alleged delictual misconduct and/or breach of contract.

On November 6, 2015, Greater Ouachita renewed its exception of lack of subject matter jurisdiction and motion to stay. Defendant argued that plaintiffs' claims still included some that were related to the water service that Greater Ouachita provided, over which the LPSC had exclusive jurisdiction. Defendant argued that because plaintiffs alleged in their amended petition that the water was unsafe to drink, such a determination fell within the jurisdiction of the Louisiana Department of Health and Hospitals ("LDHH"), as the enforcer of the Safe Drinking Water Act and the State Sanitary Code. Defendant again argued that petitioners had to exhaust their administrative remedies with the LPSC and/or the LDHH before bringing their claims to the district court.

The trial court rendered its judgment after a hearing on November 18, 2015, granting defendant's exception and staying all of plaintiffs' claims until plaintiffs exhausted their administrative remedies before the LPSC and LDHH.

On December 2, 2015, plaintiffs filed a notice of intent to seek supervisory review of the court's ruling on defendant's exception of lack of subject matter jurisdiction and motion to stay. Plaintiffs timely filed for supervisory review and this Court granted the writ, ordering the matter to be docketed, briefed, and argued as an appeal.

## Discussion

Plaintiffs argue that the district court erred in granting defendant's exception because the Louisiana Constitution of 1974 grants jurisdiction over all civil matters to the district courts, including contract claims, tort claims, and claims for damages arising under statutes or code articles. Plaintiffs point out that because the Louisiana Constitution grants jurisdiction over only the certification of water service providers, assignment of water service territories, and fixing of water service rates to the LPSC, the courts retain jurisdiction to hear contract claims, tort claims, and claims for damages regarding a dispute between customers and water service providers. Furthermore, plaintiffs assert that a district court may stay proceedings when there is a pending LPSC proceeding, but only if there is an available administrative remedy with the LPSC. Plaintiffs argue that there is no such available remedy with the LPSC in this case.

Plaintiffs also contend that the Louisiana Constitution does not grant any authority to the LDHH to hear civil matters, and the court may stay court proceedings pending the outcome of LDHH proceedings, but only where such proceedings exist. Plaintiffs note that an LDHH administrative remedy that addresses plaintiffs' claims does not exist. Plaintiffs emphasize that their amended petition asserts only contract and tort claims which are civil matters, jurisdiction of which rests in the courts.

Defendant argues that the LPSC has exclusive jurisdiction over the quality of service provided by a water service provider. Defendant agrees with plaintiffs that neither the LPSC nor the LDHH has jurisdiction over ₆plaintiffs' breach of contract or tort claims. However, for the district court to determine whether defendant breached a contractual or tort duty, the LPSC and LDHH must first determine the standard of service for public drinking water utilities and the drinking water standards, respectively. Defendant contends that the LPSC has exclusive authority to regulate the services provided by public drinking water utilities, and the LDHH has exclusive authority to regulate and determine public drinking water standards. Defendant argues that to allow the duty for public drinking water service and standards to be determined by the courts would result in inconsistent results.

The district courts are vested with original jurisdiction of all civil and criminal matters under La. Const. art. V, § 16(A), unless otherwise authorized in the constitution. *Central La. Elec. Co. v. La. Public Serv. Com'n.*, 601 So.2d 1383 (La. 1992).

Jurisdiction over public utilities in general and rates in particular is vested in the LPSC under La. Const. art. IV, § 21(B). *Daily Advertiser v. Trans–La. (A Div. of Atmos Energy Corp.)*, 612 So.2d 7 (La. 1993). Article IV, § 21(B) states that:

> The commission shall regulate all common carriers and public utilities and have such other regulatory authority as provided by law. It shall adopt and enforce reasonable rules, regulations, and procedures necessary for the discharge of its duties, and shall have other powers and perform other duties as provided by law.

The Louisiana Supreme Court found in *Gulf States Utilities Co. v. La. Public Serv. Com'n*, 92–1185 (La. 3/17/94), 633 So.2d 1258, that La. Const. art. IV, § 21(B) affords the LPSC expansive, independent, and plenary regulatory powers over public utilities. That broad regulatory power comprises the right to exercise all necessary power and authority over public ₇utilities for the objective of setting and regulating rates charged or to be charged, and service furnished by, those public utilities. *Id.*

The manner in which plaintiffs couch their claims does not automatically vest jurisdiction in the district court; rather, the nature of the relief demanded is dispositive. *Daily Advertiser, supra.* Furthermore, the fact that one party is a public utility does not consequentially divest the district court of original jurisdiction. *Town of Sterlington v. Greater Ouachita Water Co.,* 49,315 (La. App. 2d Cir. 10/1/2014), 149 So.3d 952, *writ denied,* 2014–2258 La. 1/1/15, 157 So.3d 1111. However, that a party is a public utility makes La. Const. art. IV, § 21(B) possibly applicable. *Id.*

Under La. R.S. 45:1163(A)(1), the LPSC "shall exercise all necessary power and authority over any … waterworks … for the purpose of fixing and regulating rates charged or to be charged by and service furnished by such public utilities."

Additionally, under La. R.S. 45:1164(A), "the power, authority, and duties of the [L]PSC shall affect and include all matter and things connected with, concerning, and growing out of the service to be given or rendered by such public utility, except in Orleans Parish."

In *Central La. Elec. Co.,* 601 So.2d at 1386, the Supreme Court examined the framework for choosing between the district court's authority to apply and implement Louisiana laws and the LPSC's authority to regulate rates and service:

> [T]he [L]PSC has constitutional and statutory jurisdiction over subject matters which principally involve the right to fix and regulate rates charged by and services furnished by public utilities. The Legislature has never provided by law for the [L]PSC to exercise jurisdiction over other subject matters and areas of litigation in which public utilities are involved, such as tort actions and contract disputes. It is therefore necessary at the outset to determine the relief demanded by all parties in order to resolve the subject matter jurisdiction issue.

The Court also stated in *Daily Advertiser, supra* at 16, that an action for damages largely constitutes a civil matter the district court would have jurisdiction over.

Additionally, the Louisiana Constitution contains no grant of jurisdiction to the LDHH to hear civil matters.

In this case, plaintiffs seek damages for breach of contract and tortious misconduct, claims which the Louisiana Supreme Court has stated fall under the jurisdiction of the district courts. Therefore, plaintiffs are not required to exhaust their administrative remedies prior to seeking relief from the court.

### Conclusion

For the above reasons, we REVERSE the district court's judgment and REMAND for further proceedings. Costs are assessed to defendant.